**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HIBERNIA BANK** | * | **CIV. NO:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **INTEGON NATIONAL INSURANCE** | * | **MAGISTRATE:** |
| **COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**NOTICE OF REMOVAL OF CIVIL ACTION**
**PURSUANT TO 28 U.S.C. §1441(b) DIVERSITY JURISDICTION**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendant, Integon National Insurance Company ("Integon"), with full reservations of any and all exceptions, rights, defenses, and objections, hereby gives notice of the removal to this Court of the State Court Action described and, in support, states as follows:

**BACKGROUND**

1.

Integon was named as a Defendant in a civil action commenced on or about January 23, 2026, in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Hibernia Bank versus Integon National Insurance Company*, Docket No. 2026-00613.

2.

Attached hereto as "Exhibit A" is a copy of Plaintiff's Petition for Damages. Integon will file a copy of all process, pleadings, notices, and orders filed in the state court proceeding.

3.

Plaintiff, Hibernia Bank (hereinafter "Plaintiff") alleges property damage to 1222-26 Chartres St., New Orleans, LA 70116 due to fires that occurred on January 24, 2024; September 13, 2024; January 2, 2025; January 8, 2025; and January 12, 2025.[1] Alleging that Integon failed to properly adjust these losses, Plaintiff seeks recovery for diminution in value, actual repair costs, bad faith penalties pursuant to La. R.S. §22:1892 and §22:1973, consequential damages, attorneys fees, other professional fees, and litigation costs.[2]

## DIVERSITY OF CITIZENSHIP

4.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

5.

Upon information and belief, Hibernia Bank is a financial corporation organized under the laws of the State of Louisiana with its principal place of business in the State of Louisiana. Thus, Hibernia Bank is a citizen of Louisiana.

6.

Integon is an insurance corporation organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Thus, Integon is a citizen of North Carolina.

---

[1] *See* Exhibit A, Petition at para. 4; 6.
[2] *See id.* at para. 39.

**AMOUNT IN CONTROVERSY**

7.

Although Integon denies liability to Plaintiff, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. As noted above, Plaintiff seeks recovery for diminution in value, actual repair costs, bad faith penalties pursuant to La. R.S. §22:1892 and §22:1973, consequential damages, attorneys fees, other professional fees, and litigation costs.[3] In the Petition, Plaintiff specifically references a property damage estimate from Property Damage Consultants in the amount of $1,226,926.31 RCV/$1,191,316.45 ACV.[4]

8.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. §1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00 or 2) when a defendant can show through supporting, summary judgment-type evidence that the plaintiff's claims are likely to exceed $75,000.00.[5] Here, given the property damage estimate of over $1,000,000, the potential bad faith penalties (50% and/or 2x damages pursuant to La. R.S. §22:1973 and La. R.S. §22:1892) and attorney's fees, and allegations of diminution in value and consequential damages, Integon has summary judgment-type evidence that Plaintiff's claim exceeds $75,000.00.

---

[3] *See id.* at para. 39.
[4] *See id.* at para. 10.
[5] *See Allen R&H Oil & Gas Co.,* 63 F.3D 1335 (5th Cir. 1995); *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06); *Dautriel, et al. v. Colgan Air Inc., et al.,* 07-1735, 2008 WL 652149 (W.D. La 1/15/08).

9.

Further, the Petition for Damages does not state that there is a lack of jurisdiction in the United States District Court, as it is required to do under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking. This is further evidence that removal is proper.

10.

Based on the above, Integon submits that it is readily apparent from the facts of the Petition for Damages and Plaintiff's property damage estimate that the alleged damages, if proven as a matter of law and fact, would exceed the sum of $75,000.00, and Plaintiff cannot show that it is legally certain not to be able to recover that amount.

**<u>REMOVAL IS PROPER</u>**

11.

When service is made on an agent for service of process, such as the Secretary of State, the 30 day removal period does not begin to run until the defendant actually receives a copy of the pleading from the agent, as opposed to the date when the agent received it.[6] This is known as the "receipt rule."[7]

12.

The Louisiana Secretary of State received service on February 11, 2026.[8] It forwarded the Citation and Petition to Integon on February 12, 2026.[9] It was received by Integon on February 26, 2026.[10]Attached hereto as "Exhibit B" is a copy of all process, pleadings, and orders received by Integon as required by 28 U.S.C § 1446(a).

---

[6] *See Holden v. Serco Inc.*, 21-1661, 2022 WL 101403 at *4 (E.D. La. Jan. 11, 2022); *Martin & Pannagl, Ltd v. Scottsdale Ins. Co*., 06-10536, 2007 WL 708780 at *1 (E.D. La. March 5, 2007); *Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc*., 01-346, 166 F.Supp.2d 511, 513 (E.D. La. April 13, 2001).
[7] *See id.*
[8] *See* Exhibit B, Service Documents.
[9] *See id.*
[10] *See id.*

13.

Accordingly, this Notice is timely filed within thirty (30) days after the date of actual receipt by Integon and within one (1) year of the filing of the Petition for Damages in compliance with 28 U.S.C. § 1446(b).

14.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

15.

This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and claims of the Plaintiff cited above, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. § 1441, *et seq.*

16.

Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

17.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid State Court to affect the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendant, Integon National Insurance Company, prays the action titled *Hibernia Bank versus Integon National Insurance Company*,

Docket No. 2026-00613, filed in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Honorable Court for a jury trial and determination; that all further proceedings in the State Court be stayed; and that this Defendant has additional and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Annissa M. Alario*
TRAVIS L. GARRISON, Bar No. 33845, T.A.
ANNISSA M. ALARIO, Bar No. 36350
GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
tgarrison@garrisonyount.com
aalario@garrisonyount.com
*Counsel for Defendant,*
*Integon National Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

*/s/ Annissa M. Alario*
ANNISSA M. ALARIO, Bar No. 36350