°2026-00613

# M

## Section 13

## JURY

FILED

2026 JAN 23  A 11:46
CIVIL
DISTRICT COURT

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.:                    DIVISION "      "                    SECTION:

### HIBERNIA BANK

### VERSUS

### INTEGON NATIONAL INSURANCE COMPANY

FILED:  _____        _____
                                        DEPUTY CLERK

### PETITION FOR DAMAGES WITH JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Hibernia Bank (hereinafter "Plaintiff" or "Hibernia"), to file its Petition against Defendant Integon National Insurance Company (hereinafter "Defendant" or "Integon"), respectfully averring as follows:

1.

Made Plaintiff herein is Hibernia Bank, a Louisiana state chartered financial institution, authorized to do and doing business in Orleans Parish, Louisiana.

2.

Made Defendant herein is Integon National Insurance Company, an admitted insurance company who may be served through its agent, the Louisiana Secretary of State, at 8585 Archives Avenue, Baton Rouge, LA 70809.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

At all relevant times, the above-named Defendant accepted insuring a risk located 1222-26 Chartres St., New Orleans, LA 70116 ("the property") under master insurance policy numbered INM0003022 and with certificate numbers TDH0000015533 and TFH0000019961 ("the Policy").

5.

The Policy insured the property for damage from perils including fires.



2026-00613

**M**

**Section 13**

FILED

2026 JAN 23   A 11:46

CIVIL

DISTRICT COURT

6.

The property was damaged by fires that occurred on January 24, 2024, September 13, 2024, January 2, 2025, January 8, 2025, and January 12, 2025 (collectively "the fires").

7.

The January 24, 2024 fire was adjusted under claim number 240085296, and, on or about April 5, 2024, Integon issued payment to Hibernia for actual cash value (ACV) payment of $285,586.62 for claim number 240085296 based on a replacement cost value calculation of $335,012.04

8.

The September 13, 2024, January 2, 2025, January 8, 2025, and January 12, 2025 fires were adjusted under claim numbers 250302791, 250302915, 250302985, and 250303013, respectively.

9.

Integon's adjuster Bill Cain and Hibernia's expert Ray Gonzales of Property Damage Consultants jointly inspected the property on June 11, 2025.

10.

As a result of the joint inspection on June 11, 2025, Mr. Gonzales determined the RCV value of the damage to the property as a result of claim numbers 240085296, 250302791, 250302915, 250302985, and 250303013 (collectively "the claims") totaled $1,226,926.31 with a ACV value of $1,191,316.45. Conversely, Mr. Cain calculated an RCV value of $573,423.62 and an ACV value of $550,442.09 but only for claim number 250303013.

11.

On or about September 4, 2025, Integon issued a check to Hibernia for $550,442.09 (Integon's ACV of claim number 250303013 less a $1,000 deductible).

12.

Each of Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and/or 22:1973.

E-Filed

2026-00613

**M**

Section 13

13.

Upon information and belief, Defendant purposefully and/or negligently failed to timely tender sufficient proceeds due to Plaintiff after having received multiple satisfactory proofs of loss regarding the claims.

14.

Upon information and belief, Defendant purposefully and/or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

15.

Upon information and belief, Defendant conducted the investigation and claims handling for the claims in bad faith.

16.

Upon information and belief, Defendant was purposeful or at least negligent in inadequately estimating Plaintiff's damages, including over depreciating the losses.

17.

Defendant failed to provide any information regarding the calculation of depreciation for damage.

18.

Plaintiff incurred consequential damages and additional expenses in making repairs because Defendant failed to timely and adequately compensate it for its losses under the Policy.

19.

Plaintiff incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay its claims under the Policy.

**CAUSES OF ACTION**

**A.    Breach of Insurance Contract**

20.

Hibernia realleges and re-avers the allegations contained in paragraphs above, as if restated herein.

Page -3-

E-Filed

2026-00613

**M**

Section 13

FILED

2026 JAN 23   A 11:46
CIVIL
DISTRICT COURT

21.

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

22.

An insurance contract, the Policy, exists between Plaintiff and Defendant.

23.

By failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

24.

By misrepresenting to Hibernia the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

25.

By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

26.

By failing to adequately compensate Plaintiff for the damages to the Properties, as required by the Policy, Defendant breached the insurance contract.

27.

Plaintiff has suffered and continues to suffer damages as a result of these breaches of the insurance contract.

**B.    Bad Faith**

28.

Hibernia realleges and re-avers the allegations contained in Paragraphs above, as if restated herein.

29.

The actions and/or inactions of Defendant in failing to adequately compensate Hibernia for the covered losses under the Policy were arbitrary, capricious, and without probable cause – as those terms are used in conjunction with La. R.S. §§ 22:1892 and/or 22:1973, making Defendant

E-Filed

2026-00613

# M

## Section 13

FILED

2026 JAN 23   A 11:46

CIVIL

DISTRICT COURT

liable for statutory bad faith penalties.

30.

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner that is arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

31.

Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause is considered "bad faith" and is in violation of La. R.S. § 22:1973.

32.

La. R.S. § 22:1892 imposed bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

33.

Defendant is in violation of La. R.S. §§ 22:1973 and/or 22:1892 for failing to provide Hibernia adequate payment in connection with its damages, despite having received satisfactory proof of loss following its own inspections of the property.

34.

Defendant's misrepresentation of the terms of the Policy was in bad faith.

35.

Defendant's failure to pay timely for damages Defendant knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

36.

Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

## DAMAGES

37.

Hibernia realleges and re-avers the allegations contained in Paragraphs above as if restated

E-Filed

·2026-00613

**M**

Section 13

**FILED**

2026 JAN 23   A 11:46

CIVIL

DISTRICT COURT

herein.

38.

Defendant is liable to Plaintiff under the following legal theories:

a) Breach of Contract;

b) Bad faith claims adjusting practices, including but not limited to, failing to adequately adjust Plaintiff's claims;

c) failing to timely initiate loss adjustment;

d) misrepresentation of the terms of the applicable insurance Policy;

e) purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims;

f) failure to pay timely for damages Defendant knew, or should have known, existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.;

g) Negligent claims adjusting practices leading to the incurrence of professional fees; and

h) Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

39.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Hibernia has incurred the following, non-exclusive damages:

a) Diminution of the value of the Property;

b) Actual repair costs;

c) Penalties delineated in La. R.S. §§ 22:1892 and/or 22:1973;

d) Consequential damages;

e) Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action; and

f) Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

E-Filed

2026-00613

# M

## Section 13

FILED

2026 JAN 23 A 11:46

CIVIL

DISTRICT COURT

## JURY DEMAND

Plaintiff requests a trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff, Hibernia Bank., prays that, Defendant, Integon National Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Plaintiff, Hibernia Bank, and against Defendant Integon National Insurance Company, in an amount that will fully and fairly compensate Plaintiff pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for penalties and attorney fees, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted:

**RICHARD P. VOORHIES, III – BAR #30782**
**WILLIAM A. BAROUSSE - BAR #29748**
**THE VOORHIES LAW FIRM**
Energy Centre
1100 Poydras Street, Suite 2810
New Orleans, Louisiana 70163
Telephone: (504) 875-2223
Fax: (504) 875-4882
Email: richard@voorhieslaw.com
Email: william@voorhieslaw.com
*Attorneys for Plaintiff*

## PLEASE ISSUE A CITATION AND SERVE THE FOLLOWING:

Integon National Insurance Company
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

E-Filed